IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

**v.**          **CRIMINAL NO. 1:07CR50-5**
             **(Judge Keeley)**

**LATANYA GARCIA,**

   **Defendant.**

## MEMORANDUM OPINION AND ORDER
## DENYING GARCIA'S POST-TRIAL MOTIONS AS UNTIMELY FILED

On January 9, 2009, the defendant, LaTanya Garcia ("Garcia"), was convicted by a jury of Counts Five and Six of the Third Superseding Indictment. In a brief hearing following the return of the jury's verdict, the Court orally extended the period for the filing of post-trial motions until February 9, 2009. It then entered the Judgment Order the same day, confirming in writing that post-trial motions were due on February 9, 2009.

Garcia, through her attorney, filed a "Motion for Judgment of Acquittal and for a New Trial" on April 9, 2009, approximately two months after the deadline for the filing of such. Garcia had not sought any extension of that deadline, nor has she offered any explanation for the late filing. The Government has not responded to Garcia's motions.

Federal Rule of Criminal Procedure 29 provides that a defendant may move for a Judgment of Acquittal within seven (7)

## MEMORANDUM OPINION AND ORDER
## DENYING GARCIA'S POST-TRIAL MOTIONS AS UNTIMELY FILED

days after a guilty verdict or after the Court discharges the jury, whichever is later. Fed. R. Crim. P. 29(c)(1). Similarly, Federal Rule of Criminal Procedure 33 provides that a defendant may move for a new trial for any reason other than newly discovered evidence within seven (7) days after the verdict or finding of guilty. Fed. R. Crim. P. 33(b)(2). A defendant may move for a new trial based on newly discovered evidence for up to three years after the jury verdict. Fed. R. Crim. P. 33(a). Garcia, however, does not allege newly discovered evidence in her instant motion.

While Rules 29 and 33 provide limited time-frames for filing post-trial motions, the Federal Rules permit a court to extend that deadline. Federal Rule of Criminal Procedure 45(b) provides:

> When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made: (A) before the originally prescribed or previously extended time expires; or (B) after the time expires if the party failed to act because of excusable neglect.

In this case, the Court extended the date for filing post-trial motions to February 7, 2009. No motion for further extension was made by any party. Moreover, Garcia has not attempted to show excusable neglect for the delay in filing her motions. Consequently, the Court concludes that Garcia's motions for

USA v. LATANYA GARCIA                                    1:07CR50-5

**MEMORANDUM OPINION AND ORDER**
**DENYING GARCIA'S POST-TRIAL MOTIONS AS UNTIMELY FILED**

judgment of acquittal and for a new trial were untimely filed, and therefore **DENIES** them (dkt. no. 330).

It is so **ORDERED**.

The Court directs the Clerk of Court to transmit copies of this order to counsel of record, the defendant, and the appropriate agencies.

DATED: July 29, 2009

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE